UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 12-80516-CIV-MARRA

LUCILLE RENZI, individually and on behalf
Of all others similarly situated,

      Plaintiff,

vs.

DEMILEC (USA) LLC, a Texas corporation, et al.,
MASCO CORPORATION, a Delaware corporation;
MASCO SERVICES GROUP CORP. a/k/a
MASCO CONTRACTOR SERVICES, a Delaware
Corporation; BUILDER SERVICES GROUP, INC.
d/b/a GALE INSULATION, a Florida corporation; and,
ABISSO ABATEMENT, INC. d/b/a
ABISSO CONSTRUCTION, a Florida corporation,

      Defendants.

_____/

FILED by _____ D.C.

NOV 1 3 2012

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

## STIPULATED CONFIDENTIALITY AND NON-DISCLOSURE PROTECTIVE ORDER

**THIS MATTER** came to be heard upon the agreement and stipulation of the parties, the Court having reviewed said agreement and stipulation and being otherwise fully advised in the premises, does hereby finds as follows:

A.      Plaintiff, Lucille Renzi (hereinafter "Plaintiff"), and Defendants, Demilec (USA) LLC, Masco Corporation, Masco Services Group Corp., Builder Services Group, Inc.,  Abisso Abatement, Inc. (hereinafter "Defendants"), hereby stipulate to the following provisions regarding confidentiality of materials pursuant to Fed. R. Civ. P. 26(c), and request that the Court enter this Protective Order.

B.    Discovery and trial in the above-captioned matter will require production of documents and testimony that contain trade secret or other confidential information requiring protection against unrestricted disclosure and use.

C.    In the absence of a protective order governing the production and protection from disclosure of such information, the parties and the Court may be required to devote an undue amount of time and effort to issues regarding the confidentiality of specific information produced in discovery.

D.    The parties have shown good cause for the entry of the following order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure.

It is therefore **ORDERED AND ADJUDGED** as follows:

1.    "Document" or "documents" means information, recordation and storage media *of any kind*, including, but not limited to, written, photographic, audio, video, magnetic, electronic, optical, or other media.  This definition also includes, but is not limited to, written, audio, or video productions of oral statements or events; answers to requests for documents in lieu of submission of documents; and original versions and reproductions by whatever means.

2.    The term "Producing Party" includes any party and any nonparty who produces information or documents incident to discovery in these proceedings.

3.    The term "these proceedings" means the proceeding designated in the caption to this Order and all appeals, interlocutory proceedings and collateral or ancillary proceedings.

4.    The term "Parties" means the Plaintiff and Defendants.

5.    The term "Confidential Information" means any information or document produced by a Producing Party that in good faith the Producing Party believes constitutes

a trade secret or other confidential or proprietary business, technical or financial information subject to protection under Rule 26(c) of the Federal Rules of Civil Procedure. The term also encompasses any other information the disclosure of which is likely to have the effect of causing significant competitive harm to the Producing Party or party from which the information was obtained.

6. Confidential Information shall be classified as either "CONFIDENTIAL" or "FOR COUNSEL ONLY" by the Producing Party, whether it be a document, information contained in a document, information revealed during a deposition, information revealed in an interrogatory answer or otherwise. Information or material which is available to the public, including catalogues, advertising materials, and the like, shall not be deemed "Confidential Information."

7. Documents produced in this action may be designated by any party or third party as Confidential Information by marking each page of the document so designated as either "CONFIDENTIAL" or "FOR COUNSEL ONLY."

8. All Confidential Information produced or exchanged by the parties or by third parties in the court of this proceeding shall be used solely for the purpose of conducting these proceedings and for no other purpose whatsoever, and shall not be disclosed to any person except in accordance with the terms of this Order.

9. Confidential Information classified as "CONFIDENTIAL" shall not be disclosed or communicated to anyone other than the following persons:

a. The Parties, including their insurers, employees, officers, and directors, provided that such persons execute a copy of the Agreement To Be Bound by and Comply with Protective Order in the form attached as Exhibit A prior to any disclosure. A copy of the signed

3

Agreement To Be Bound by and Comply with Protective Order must be retained by counsel for the party making such disclosure so that it may be shown to counsel for the Producing Party if the Producing Party so requests;

b. Attorneys of record for the parties in this proceeding including the respective partners, of counsel, associates and employees of such attorney to whom it is necessary that the material be shown for purposes of this proceeding;

c. In-house counsel for the respective Parties, including necessary secretarial, clerical and litigation support or copy service personnel assisting such counsel;

d. Independent experts and consultants retained by a party to testify or perform other services in connection with these proceedings, provided that such expert or consultant first executes a copy of the Agreement To Be Bound by and Comply with Protective Order in the form attached as Exhibit A prior to any disclosure. A copy of the signed Agreement To Be Bound by and Comply with Protective Order must be retained by counsel for the party making such disclosure so that it may be shown to counsel for the Producing Party if the Producing Party so requests;

e. Court reporters in connection with their duties in providing recording and transcription services for depositions conducted in connection with these proceedings;

    f.  Personnel of any Court, including judges, official reporters, law clerks, and other authorized personnel, to the extent necessary for them to perform their duties in connection with these proceedings.

    g.  Third-party and Party witnesses deposed in this action and their counsel, if separate from counsel to the Parties, provided that such witnesses and counsel shall be provided copies of this Protective Order prior to or at the outset of the deposition and that such witnesses, on the record at the deposition, shall be informed that he, she, or it (and the witness's counsel, if any), must agree to be bound by the terms of this Protective Order, and shall be requested to execute the Agreement To Be Bound by and Comply with Protective Order in the form attached as Exhibit A prior to any disclosure. A copy of the signed Agreement To Be Bound by and Comply with Protective Order must be retained by counsel for the party making such disclosure so that it may be shown to counsel for the Producing Party if the Producing Party so requests.

10.    Confidential Information classified as "FOR COUNSEL ONLY" shall not be disclosed or communicated to anyone other than the following persons:

    a.  Attorneys of record for the parties in this proceeding including the respective partners, of counsel, associates and employees of such attorney to whom it is necessary that the material be shown for purposes of this proceeding;

b.  In-house counsel for the respective Parties, including necessary secretarial, clerical and litigation support or copy service personnel assisting such counsel;

c.  Outside counsel for the Parties' insurers, provided that such persons execute a copy of the Agreement To Be Bound by and Comply with Protective Order in the form attached as Exhibit A prior to any disclosure.  A copy of the signed Agreement To Be Bound by and Comply with Protective Order must be retained by counsel for the party making such disclosure so that it may be shown to counsel for the Producing Party if the Producing Party so requests;

d.  Independent experts and consultants retained by a party to testify or perform other services in connection with these proceedings, provided that (i) no such expert or consultant is a director, officer, or employee of any other Party or a current employee of entities that are competitors of any Defendant and (ii) such expert or consultant first executes a copy of the Agreement To Be Bound by and Comply with Protective Order in the form attached as Exhibit A. A copy of the signed Agreement To Be Bound by and Comply with Protective Order must be retained by counsel for the party making such disclosure so that it may be shown to counsel for the Producing Party if the Producing Party so requests;

e.  Court reporters in connection with their duties in providing recording and transcription services for depositions conducted in connection with these proceedings;

f.  Personnel of any Court, including judges, official reporters, law clerks, and other authorized personnel, to the extent necessary for them to perform their duties in connection with these proceedings.

g.  Witnesses where at least one of the following conditions applies: (i) the witness is a current employee of the Producing Party and Confidential Information was produced by the Producing Party; (ii) the attorney taking the deposition and showing the witness the Confidential Information represents the Producing Party and the Confidential Information was produced by the Producing Party; (iii) the witness's name appears in the Confidential Information as a person who has previously seen or had access to the material or it is otherwise established that the witness has previously seen or had access to the material or knows the information contained within it; (iv) the Producing Party has consented on the record of the deposition to the showing of the Confidential Information to the witness; (v) if the witness if not an employee of the Producing Party, at least twenty (20) days before the deposition, a Party wishing to show the witness the Confidential Information notifies the Producing Party of that intent, with a specific listing of the material to be shown and the Producing Party fails to object in writing to such showing within a five (5) day period, but if an objection in writing is made, such material will not be shown to the witness until and unless the Party wishing to show such material to the witness moves for and obtains appropriate relief from the Court upon good cause shown.

11.    Any Party or third party may designate deposition testimony as Confidential Information by indicating on the record at the deposition that the testimony is Confidential Information, along with the appropriate classification, and is disclosed subject to the provisions of this Order.  The reporter shall mark all copies of the transcript "CONFIDENTIAL: SUBJECT TO PROTECTIVE ORDER," and shall include a notice of the pages and lines of the transcript that should be treated as Confidential Information, including the classification.

      a.  Any party or third party also may designate information disclosed at such deposition as Confidential Information by notifying all of the parties in writing within thirty days of receipt of the transcript of the deposition, of the specific pages and lines of the transcript that should be treated as Confidential Information.  Each party shall attach a copy of the written notice to the face of each copy of the transcript in his/her possession, custody or control.

      b.  If a document that has previously been designated as Confidential Information is made an exhibit to a deposition, the deposition transcripts shall be marked "CONFIDENTIAL," and the list of exhibits included by the reporter with any transcript shall indicate which exhibits have been designated as Confidential Information.

      c.  If the Court's rules require the filing of depositions with the Court or if such filing is required in a particular instance, any deposition transcript or exhibits containing Confidential Information shall be marked "CONFIDENTIAL: SUBJECT TO PROTECTIVE ORDER" and filed under seal.

12.     The failure to challenge the propriety of a designation of Confidential Information at the time made shall not preclude a subsequent challenge. If counsel for any party disagrees with the designation of Confidential Information by a Producing Party, counsel shall try first to resolve their dispute informally and in good faith. If counsel cannot resolve the dispute, the objecting party may seek appropriate relief from the Court. The information that is the subject of dispute or motion under this paragraph shall be treated as Confidential Information pending resolution of the objection by the Court and for thirty (30) days after any Court order removing a designation of Confidential Information to allow the Producing Party to seek appellate review, and while appellate review is pending.

13.     If counsel for a party refers to or includes Confidential Information in motions, briefs, affidavits or other written pleadings, motions, or material filed with the Court, each portion of any such written material that contains, embodies, discusses or discloses Confidential Information shall be filed under seal pursuant to the procedures set forth in S.D. Fla. L.R. 5.4 and indicate that the information has been designated confidential by the Producing Party pursuant to this Stipulated Protective Order. Each such written submission shall bear in prominent form on the first page of the submission the following legend:

> **FILED UNDER SEAL; CONTAINS MATERIAL SUBJECT TO A PROTECTIVE ORDER OF THE COURT WHICH LIMITS DISCLOSURE AND USE.  ACCESS LIMITED TO PERSONS AUTHORIZED BY THE PROTECTIVE ORDER UNLESS OTHERWISE ORDERED BY THE COURT.**

> a.  To the extent practicable, counsel filing such written material shall segregate the portions containing Confidential Information so as to limit the extent to which material must be maintained under seal.

9

b. Copies of written material containing Confidential Information filed with the Court as provided in paragraph 13 may not be provided to any person or entity other than those set forth in paragraphs 9 and 10, except that copies of such written material may be provided to parties to these proceedings if all Confidential Information is first redacted from the copies provided.

c. If any Party wishes to file written material containing Confidential Information in the public record, and not under seal, that Party will provide advance written notice to the Producing Party that designated such Confidential Information. If counsel are unable to agree regarding whether the material may be filed in the public record, they shall seek a ruling from the Court.

14. The provisions of this Order, or any designation or failure to designate particular information as Confidential Information pursuant to this Order, shall not be construed in any other context or proceeding before any court, agency or tribunal as a waiver or admission that such information is or is not confidential or proprietary.

15. A Producing Party shall make a good faith effort to designate discovery material as confidential at the time of production. Inadvertent or unintentional disclosure by any Producing Party of confidential discovery material, regardless of whether the material was so designated at the time of disclosure, shall not be deemed a waiver of a party's claim of confidentiality, as to either a specific document or any information contained therein, and the parties shall, upon notice, thereafter treat such discovery material as Confidential Information. A receiving party shall make a good faith effort to

locate and mark as "CONFIDENTIAL" or "FOR COUNSEL ONLY" any copies of such discovery material.

16.    If information that is subject to a claim of privilege or of protection as trial-preparation material is disclosed in discovery, the party making the claim of privilege may notify any party that received the information of the claim and the basis for it.  After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved.  Nothing in this paragraph shall prevent the receiving party from challenging the propriety of the attorney-client privilege or work product immunity or other applicable privilege or immunity designation by submitting a written challenge to the Court, although all parties agree not to argue that disclosure itself constitutes a waiver of any applicable privilege or protection.

17.    Within thirty (30) days of the conclusion of these proceedings, all Confidential Information shall be either: (1) returned to the Producing Party, or (2) destroyed under the supervision of counsel of record for the recipient, with a certificate of destruction furnished to counsel for the Producing Party.

18.    The obligations imposed by this Order shall remain in effect after these proceedings have concluded.

19.    Nothing in this Order may be construed to restrict any Party's right to challenge the admissibility or use of Confidential Information on any ground other than confidentiality, including but not limited to competence, relevance, or privilege.

20.    This Order shall not bar any attorney of record in these proceedings in the course of rendering advice to his client with respect to these proceedings from conveying to any party to these proceedings his general evaluation of any Confidential Information

produced or exchanged in these proceedings; provided, however, that in rendering such advice and otherwise communicating with his/her client, the attorney shall not disclose the specific contents of any Confidential Information produced by another party or third party which disclosure would be contrary to the terms of this Order.

21.    If Confidential Information in the possession of a Party is sought by subpoena or any other form of compulsory process of any court, administrative or legislative body, or of any person or tribunal purporting to have authority to seek such Confidential Information by compulsory process, the Party to whom the process is directed shall promptly give written notice of such process to the Party designating the information as confidential (the "Designating Person"), cooperate to the extent necessary to permit the Designating Person to quash such process, and shall not make production of such information until 10 days after the Designating Person has received written notice of such process as required herein (unless otherwise ordered to do so by the court, administrative or legislative body, in which case the Party to whom such process is directed shall provide the Designating Person as much notice as reasonably possible while not violating such order).

22.    If any Confidential Information is disclosed to any person other than in a manner authorized by this Protective Order, the Party responsible for the disclosure or knowledgeable of such disclosure shall, upon discovery of the disclosure, immediately inform the Producing Party of all facts pertinent to the disclosure that, after due diligence and prompt investigation, are known to the Party responsible for the disclosure or knowledgeable of the disclosure (including, without limitation, the name, address, and employer of the person to whom the disclosure was made), and shall immediately make all reasonable efforts to prevent further disclosure by each unauthorized person who

12

received such information.  The Producing Party shall be entitled to seek all remedies available under the law.

23.    In the event that this action is transferred to another court, the Protective Order will remain in full force and effect.  The Parties agree to present this Protective Order (or another protective order mutually agreed by the Parties) to the transferee court for entry as necessary.

24.    In the event additional parties join or are joined in this action, they shall not have access to any Confidential Information until the newly-joined party or its counsel has executed and, at the request of any Party, filed with the Court, its agreement to join and be fully bound by this Protective Order.


**DONE AND ORDERED** in Chambers at West Palm Beach, Florida, this __13th__ day of _November_, 2012.

By: _William Matthewman_
WILLIAM MATTHEWMAN
UNITED STATES MAGISTRATE JUDGE

**EXHIBIT "A"**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 12-80516-CIV-MARRA

LUCILLE RENZI, individually and on behalf
Of all others similarly situated,

      Plaintiff,

vs.

DEMILEC (USA) LLC, a Texas corporation, et al.,
MASCO CORPORATION, a Delaware corporation;
MASCO SERVICES GROUP CORP. a/k/a
MASCO CONTRACTOR SERVICES, a Delaware
Corporation; BUILDER SERVICES GROUP, INC.
d/b/a GALE INSULATION, a Florida corporation; and,
ABISSO ABATEMENT, INC. d/b/a
ABISSO CONSTRUCTION, a Florida corporation,

      Defendants.

_____/

**AGREEMENT TO BE BOUND BY AND COMPLY WITH PROTECTIVE
ORDER**

    1.    I have been advised by counsel for a party in the captioned proceedings that it

will be necessary for me to receive access to information that has been designated as

Confidential Information pursuant to a protective order in the proceedings.

    2.    I have been furnished and have reviewed a copy of the Protective Order

Governing Confidentiality of Documents and Information (the "Protective Order") and

counsel has further informed me of the obligations that it imposes upon those who

receive Confidential Information. I understand that the Protective Order, among other

things, prohibits the use of any information designated as confidential for any purpose

other than these proceedings, and further that I am prohibited from disclosing

Confidential Information (or any copies, extracts, summaries or information otherwise

derived from such information) to any other person except as specifically provided for in the Protective Order.

3.      In consideration of my being furnished Confidential Information, I agree to be bound by the terms of the Protective Order and to comply with those terms. I further acknowledge and agree that the terms of the Protective Order are enforceable against me as a contract by any party both during and after the conclusion of this proceeding. I submit to the jurisdiction of the United States District Court for the Southern District of Florida for the purpose of ensuring compliance with the Protective Order.


Date: _____        Signature: _____

                              Type or Print
                              Name: _____