UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 12-80516-CIV-MARRA

LUCILLE RENZI, individually and on behalf
Of all others similarly situated,

    Plaintiff,

vs.

DEMILEC (USA) LLC, a Texas corporation, et al.,
MASCO CORPORATION, a Delaware corporation;
MASCO SERVICES GROUP CORP. a/k/a
MASCO CONTRACTOR SERVICES, a Delaware
Corporation; BUILDER SERVICES GROUP, INC.
d/b/a GALE INSULATION, a Florida corporation; and,
ABISSO ABATEMENT, INC. d/b/a
ABISSO CONSTRUCTION, a Florida corporation,

    Defendants.
_____/

**DEFENDANT DEMILEC (USA) LLC'S MOTION FOR PARTIAL SUMMARY
JUDGMENT FOR LACK OF STANDING
-AND-
<u>INCORPORATED MEMORANDUM OF LAW</u>**

Defendant, Demilec (USA) LLC ("Demilec"), pursuant to Fed. R. Civ. P. 56 and S.D. Fla. Local Rule 56.1, requests this Court grant its Motion for Summary Judgment because Plaintiff: (1) lacks standing to bring claims asserted under Count VI, Violation of Consumer Protection Acts [D.E. 1 at ¶¶ 101-109]; and (2) Plaintiff cannot remedy her deficiencies through the joinder of additional parties or amending of the Complaint since the time for joinder of parties has passed.  In further support of its Motion, Demilec asserts:

    1.    This Court must grant summary judgment in favor of Demilec with regards to Plaintiffs consumer protection act claims.  Plaintiff improperly asserts violation of various consumer protection acts of different states.  Because Plaintiff is not a resident of those states, and was not

1

injured in those states, Plaintiff has no standing to bring any claim based on statutes of other states consumer protection laws. *See In re Checking Account Overdraft Litig.*, 694 F. Supp. 2d 1302, 1324 (S.D. Fla. 2010). Accordingly, Plaintiff cannot assert such claims, and, as such, Count VI of Plaintiff's Complaint, Violation of Consumer Protection Acts [D.E. 1], must be summarily adjudicated in favor of the Plaintiff.

2. Moreover, because Plaintiff is now forty-two (42) days past the deadline to amend her pleadings and add parties, Plaintiff cannot remedy her deficiency through the amendment of pleadings or addition of parties. [D.E. 28 at ¶ 3]. Accordingly, summary judgment in favor of Demilec must be entered.

**WHEREFORE**, Demilec respectfully requests this Court enter summary judgment in favor of Demilec (USA) LLC as to Count VI of Plaintiffs' Complaint and any further relief this Court deems just and proper.

**INCORPORATED MEMORANDUM OF LAW**

**I.     STANDARD ON MOTION FOR SUMMARY JUDGMENT**

On a summary judgment motion, moving party "'bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact.'" *Smith v. Ceres Terminals, Inc.*, 12-60181-CIV, 2012 WL 4896080, *2 (S.D. Fla. 2012) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, (1986)). Defendant must show "'there is an absence of evidence to support the nonmoving party's case.'" *Id*. (quoting *Celotex Corp.*, 477 U.S. at 323). After meeting such standard, the burden shifts to the non-moving party to show "'specific facts showing that there is a genuine issue for trial.'" *Id*. at *3 (quoting *Walker v. Darby*, 911 F.2d 1573, 1576–77 (11th

Cir.1990)). Here, there is no evidence to support Plaintiff's claim and judgment in favor of Demilec must be entered as a matter of law.

## II. PLAINTIFF HAS FAILED TO MEET THE STANDING REQUIREMEMT FOR ASSERTING COUNT VI OF VIOLATIONS OF CONSUMER PROTECTION ACTS

Plaintiff does not have standing to assert a claim under consumer protection act statutes from other states and because Plaintiff cannot remedy such lack of standing, summary judgment is appropriate as to Count VI, Violation of Consumer Protection Acts. Accordingly, as set forth in Demilec's seventy-sixth affirmative defense [D.E. 18 at p. 29.][1], summary judgment in favor of Demilec on this ground must be entered.

### A. *Article III Standing*

Article III standing is premised upon three elements.

> First, the plaintiff must have suffered an **injury in fact**-an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical... Second, there must be a **causal connection between the injury and the conduct complained of**-the injury has to be fairly ... trace[able] to the challenged action of the defendant, and not ... th[e] result [of] the independent action of some third party not before the court... Third, it must be **likely**, as opposed to merely speculative, that the **injury will be redressed by a favorable decision**.

*Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61, 112 S. Ct. 2130 (1992) (internal citations omitted)(emphasis added). Such standing requirements are an "indispensable part of the plaintiff's case, each element must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, i.e., with the manner and degree of evidence required at the successive stages of the litigation." *Id*. at 561 (citing *Lujan v. National Wildlife Federation*, 497 U.S. 871, 883-889, 110 S.Ct. 3177 (1990); *Gladstone, Realtors v. Village of Bellwood*, 441 U.S. 91, 114-115,

---

[1] "The Federal Rules of Civil Procedure do not require a party to plead a lack-of-standing defense with particularity.... Thus, Defendant's blanket affirmative defense stating that 'Plaintiff does not have standing to bring the claims asserted ...' is sufficient to plead the affirmative defense of standing." *Kloha v. Duda*, 246 F. Supp. 2d 1237, 1243 n. 15 (M.D. Fla. 2003)

3

and n. 31, (1979); *Simon v. Eastern Ky. Welfare Rights Organization,* 426 U.S. 26, 45, n. 25; 96 S.Ct. 191 (1976); *Warth v. Seldin*, 422 U.S. 490, 527, n.6, 95 S.Ct. 2197 (1975). "In response to a summary judgment motion,... the plaintiff can no longer rest on... 'mere allegations,' but must 'set forth' by affidavit or other evidence 'specific facts,' Fed.Rule Civ.Proc. 56(e), which for purposes of the summary judgment motion will be taken to be true." *Id*.

As set forth below, Plaintiff cannot meet this standing requirement since she is neither a resident of the states under which she seeks relief, nor has she been harmed in any of those other states, requiring adjudication of Count VI, Violation of Consumer Protection Acts in favor of the Demilec.

### B. *Plaintiff has No Standing to Sue Under Count VI, Violation of Consumer Protection Acts*

Plaintiff cannot allege an injury as a result of any action in any other state. Therefore, Plaintiff cannot prove "any actual damages as a result of violation of FDUPTA **and** the various Consumer Protection Acts." [D.E. 1 at ¶ 106 (emphasis added)]. Accordingly, Count VI [D.E. 1] must be summarily adjudicated in Demilec's favor.

In order to meet such standing requirement, the Plaintiff must allege that she "personally suffered injury." *Griffin v. Dugger*, 823 F.2d 1476, 1483 (11th Cir.1987). "If [s]he cannot show personal injury, then no article III case or controversy exists, and a federal court is powerless to hear [her] grievance. This individual injury requirement is not met by alleging 'that injury has been suffered by other, unidentified members of the class to which [the Plaintiff] belong[s] and which [she] purport[s] to represent.'" *Id*. (quoting *Warth v. Seldin*, 422 U.S. 490, 502, 95 S.Ct. 2197 (1975); citing *Minority Police Officers Ass'n v. City of South Bend*, 721 F.2d 197, 202 (7th Cir.1983) ("Feelings of solidarity do not confer standing to sue.")). Therefore, "a plaintiff cannot include class action allegations in a complaint and expect to be relieved of personally

4

meeting the requirements of constitutional standing, 'even if the persons described in the class definition would have standing themselves to sue.' A named plaintiff in a class action who cannot establish the requisite case or controversy between himself and the defendants simply cannot seek relief for anyone—not for himself, and not for any other member of the class." *Id*. (citations omitted).

This Court, in *In re Checking Account Overdraft Litig.*, 694 F. Supp. 2d 1302, 1325 (S.D. Fla. 2010), in an multi district litigation ("MDL"), ruled "plaintiff's may only assert a state statutory claim if a named plaintiff resides in that state." The Court determined standing examination was a threshold question on constitutional Article III standing and had to be resolved before "issues of class certification and representation are contemplated." *Id*. at 1324. Rejecting the plaintiff's argument that the individual plaintiffs had all suffered the same harm, this Court dismissed "all statutory claims where no named plaintiff resides in the state from which the claim is asserted." *Id*. at 1325 (rejecting plaintiffs argument, relying on *In re Terazosin Hydrochloride Antitrust Litigation*, 160 F.Supp.2d 1365, 1371–72 (S.D.Fla.2001)(rejecting that all plaintiffs suffering the same harm conferred Article III standing)).

In the instant case, Plaintiff is a resident of Florida, and had Sealection 500 Polyurethane Spray foam applied in her home. [D.E. 1 at ¶ 6]. All of Plaintiff's injuries allegedly occurred as a result of the foam applied in her home. *See* [D.E. 1 at ¶¶ 14-33]. Like *Griffin*, *In re Checking Account Overdraft Litig.* and *In re Terazosin Hydrochloride Antitrust Litigation*, Plaintiff's allegations all putative class members have suffered the same harm is insufficient to confer standing for various state specific Consumer Protection Acts. [D.E. 1 at ¶¶ 101-109]. As established in *Lujan*, Plaintiff's mere allegations are insufficient to confer jurisdiction, and

5

absent a showing of standing for each consumer protection act, summary judgment in favor of Demilec must be entered with regard to Count VI, titled Violation of Consumer Protection Acts. [D.E. 1]. Because Plaintiff cannot amend her pleadings to limit her claims to Florida and because Plaintiff cannot amend her pleadings to add parties having the requisite standing under the various state statutes plead, Plaintiff cannot remedy her deficiency and summary judgment must be entered.

### III. PLAINTIFF CANNOT REMEDY HER FAILURE THROUGH THE AMENDMENT OF PLEADINGS OR JOINDER OF PARTIES

Plaintiff has allowed the time set forth in this Court's scheduling Order [D.E. 28 at ¶ 3.] to amend her pleadings and join additional parties to lapse. Accordingly, Plaintiff cannot remedy her lack of standing for the consumer protection acts asserted in Count VI, Violation of Consumer Protection Acts. [D.E. 1].

"A district court has sound discretion under Fed. R. Civ. P. 20(a) to decide the scope of the civil action and to enter orders as required to prevent delay, expense, or prejudice." *Advisor's Capital Investments, Inc., v. Cumberland Cas. & Sur. Co.*, 805-CV-404-T-23MAP, 2007 WL 1810118, *1 (M.D. Fla. June 21, 2007) (citing Wright, Miller, & Kane, Federal Practice and Procedure: Civil 3d § 1652 (2001); *see also Arrington v. City of Fairfield, Ala.*, 414 F. 2d 687, 693 (5th Cir. 1969). To that end, a pretrial scheduling order "controls the course of the action unless the court modifies it." *Smith v. Ceres Terminals, Inc.*, 12-60181-CIV, 2012 WL 4896080, *4 (S.D. Fla. Oct. 15, 2012) (citing Fed. R. Civ. P. 16(d)). "[S]cheduling order[s] may be modified only for good cause and with the judge's consent." *Id*. (citing Fed. R. Civ. P. 16(d)). "'This good cause standard precludes modification unless the schedule cannot 'be met despite the diligence of the party seeking extension.'" *Id*. (quoting Sosa v. Airprint Sys., Inc., 133 F. 3d 1417, 1418 (11th Cir. 1998)). Plaintiff must meet this standard before the Court may

consider whether their proposed amendments are proper under Rule 15. *See Id.*; *see also S. Grouts & Mortars, Inc. v. 3M Co.*, 575 F. 3d 1235, 1241 (11th Cir. 2009) ("A plaintiff seeking leave to amend its complaint after the deadline designated in a scheduling order must demonstrate 'good cause' under Fed. R. Civ. P. 16(b)."); *see e.g. AT & T Mobility, LLC v. Digital Antenna, Inc.*, 09-60639-CIV, 2010 WL 3608247 (S.D. Fla. 2010) ("Having considered the motion, the nature of the supplement, its timing, the posture of the case, the amount of time the Court and parties have already spent on issues that the supplement hopes to cure but is not guaranteed to do so, the negative impact that such supplement will have on efficient, speedy case management and the resources of the Court and parties, and the other options available to [plaintiff] to pursue its new claims, the Court will deny plaintiff's motion to supplement.").

This Court has specifically rejected a party's ability to amend the pleadings to make out a cause of action after the deadline to add parties provided in the scheduling order had passed. *Smith*, 12-60181-CIV, 2012 WL 4896080, *4 (S.D. Fla. 2012). There, the plaintiff sought to amend the pleadings after defendant moved for summary judgment. This Court found "no good cause for amending her Complaint and adding a new [d]efendant long after the relevant scheduling deadlines have passed," asserting plaintiff had had ample opportunity to locate the additional defendant. *Id*. at *6.

In the instant matter, Plaintiff has had ample opportunity to locate additional parties to prove her claim under Count VI, and her failure to do so cannot be remedied through amendment of the pleadings. The information regarding individuals with standing would have been more accessible to Plaintiff than Defendant. Even if discovery was needed from Defendant to obtain the necessary information, Plaintiff did not propound her initial discovery requests until after the deadline to join parties had expired. *See* Statement of Undisputed Facts, [D.E. 56 at ¶ 10].

Under this Court's scheduling order, Plaintiff had until February 7, 2013 to amend her pleadings and/or add parties. [D.E. 28 at ¶ 3]. To date, Plaintiff has not moved to amend her Complaint or add parties. Moreover, Plaintiff has had over ten (10) months since the inception of this litigation to locate additional parties to obtain standing for these consumer protection act claims. [D.E. 1]. Because no good cause exists to extend the deadline to amend the pleadings or add parties, Plaintiff should not be afforded the opportunity to do so, and summary judgment must be entered in favor of Demilec.

### IV. CONCLUSION

Plaintiff lacks standing to bring Count VI, Violation of Consumer Protection Acts and cannot remedy such failure through the amendment of pleadings or joinder of parties. Therefore, as alleged, no set of facts exist which would confer standing upon the Plaintiff to bring Count VI, Violation of Consumer Protection Acts. [D.E. 1]. It is undisputed Plaintiff cannot assert claims for all Consumer Protection Acts in the United States. Accordingly, her claim fails and Summary Judgment in favor of Demilec as to Count VI must be entered.

Dated this 21st day of March, 2013.

Respectfully Submitted,

                                LYDECKER | DIAZ
                                *Attorneys for Defendant*
                                Demilec (USA) LLC
                                1221 Brickell Avenue, 19th Floor
                                Miami, Florida 33131
                                (305) 416-3180 - Telephone
                                (305) 416-3190 – Facsimile

                                By: /s/Alan S. Feldman
                                        ALAN S. FELDMAN
                                        FBN: 797251
                                        af@lydeckerdiaz.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on March 21, 2013, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. Copies of the foregoing will be served by electronic notification and/or U.S. Mail to the following listed below.

/s/ Alan S. Feldman
ALAN S. FELDMAN

*Service List*

David C. Rash, Esq.
Alters Law Firm, P.A.
Miami Design District
4141 Northeast 2nd Avenue, Suite 201
Miami, Florida 33137
Telephone:    305-571-8550
Facsimile:    305-571-8558
david@alterslaw.com

Vincent J. Pravato, Esq.
Law Offices of Wolf & Pravato
2101 West Commercial Boulevard, Suite 1500
Fort Lauderdale, Florida 33309
Telephone:    954-522-5800
Facsimile:    954-767-0960
vince@wolfandpravato.com
Benedict P. Morelli, Esq.
Morelli Ratner PC
950 Third Avenue, 11th Floor
New York, New York 10022
Telephone:    212-751-9800
Facsimile:    212-751-0046
bmorelli@morellilaw.com

Mary Rose Alexander, Esq.
Latham & Watkins, LLP
233 South Wacker Drive
Suite 5800
Chicago, IL 60606
Telephone:    312-876-7672
Facsimile:    312-993-9767
mary.rose.alexander@lw.com

Allen P. Pegg, Esq.
Murai, Wald, Biondo & Moreno, P.A.
1200 Ponce De Leon
Coral Gables, Florida 33134
Telephone:     305-444-0101
Facsimile:      305-444-0174
apegg@mwbm.com