UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-80516-CIV-MARRA/MATTHEWMAN

LUCILLE RENZI,
individually and on behalf of all others
similarly situated,

Plaintiff,

vs.

DEMILEC (USA) LLC et al.,

Defendants.
_____/

**OPINION AND ORDER**

This cause is before the Court upon Defendant Demilec (USA) LLC's ("Defendant") Motion for Partial Judgment for Lack of Standing (DE 55). The motion is fully briefed and ripe for review. The Court has carefully considered the motion and is otherwise fully advised in the premises.

I. Background

On May 14, 2012, Plaintiff Lucille Renzi ("Plaintiff") filed a seven-count class action complaint. Count four of the complaint is labeled "violation of consumer protection acts." (Compl., DE 1.) Paragraph 102 of the Complaint states:

> This is a claim for relief under Florida Statutes § 501.201, et seq., the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") as well as the various Consumer Protection Acts of the jurisdictions in which affected properties of Class Members are present, including but not limited to, L.SA-R.S. 51:1401, et seq. (Louisiana Unfair Trade Practices and Consumer Protection Law); Ala. Code 1975 § 8-19-1, et seq. (Alabama Deceptive Trade Practices Act); N.C.G.S. § 75-1.1, et seq. (North Carolina Consumer- Protection Act); O.C.G.A. § 10-1-390, et seq. (The Georgia Fair Business Practices Act of 1975); Va. Code. Ann. § 59.1- 196, et seq. (Virginia Consumer Protection Act); Tex. Bus. Com. Code Ann. § 17.41, et seq. (Texas Deceptive Trade Practices-Consumer Protection Act); and Miss. Code Ann. § 75-24-1, et

seq. (Mississippi Consumer Protection Act).

Within the Complaint, Plaintiff alleges various injuries on her behalf and on behalf of a class related to allegedly defective spray foam installed in her home.[1] (Compl. ¶¶ 14-33.) The Complaint identifies "three Florida subclasses" in the class allegations. (Compl. ¶ 41.) Plaintiff is a resident of Boynton Beach, Florida. (Compl. ¶ 6.) Defendant set forth the following affirmative defense:

> Plaintiff and/or putative members' claims under the various states' consumer protection laws are barred, in whole or in part, to the extent that Plaintiff and/or members of the proposed classes are not citizens of the states pursuant to whose laws they seek to bring claims, and thus lack standing to maintain some or all of those causes of actions.

(Affirmative defense 76, DE 18.)

Defendant moves for summary judgment on count four of the Complaint on the basis of standing because Plaintiff asserts violations of various consumer protection acts of different states. According to Defendant, because she is not a resident of those states, she does not have standing to bring those claims.

II.  Summary Judgment Standard

The Court may grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The stringent burden of establishing the absence of a genuine issue of material fact lies with the moving party. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The Court should not grant summary judgment unless it is clear that a trial is unnecessary, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986), and any doubts in this regard should be resolved against the moving party. Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970).

---

[1] On June 6, 2013, the Judicial Panel on Multidistrict Litigation denied transfer of this action to MDL No. 2444. (DE 88.)

The movant "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp., 477 U.S. at 323.  To discharge this burden, the movant must point out to the Court that there is an absence of evidence to support the nonmoving party's case.  Id. at 325.

After the movant has met its burden under Rule 56(a), the burden of production shifts and the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Electronic Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing to particular parts of materials in the record . . . or showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(A) and (B).

Essentially, so long as the non-moving party has had an ample opportunity to conduct discovery, it must come forward with affirmative evidence to support its claim.  Anderson, 477 U.S. at 257.  "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party." Walker v. Darby, 911 F.2d 1573, 1577 (11th Cir. 1990).  If the evidence advanced by the non-moving party "is merely colorable, or is not significantly probative, then summary judgment may be granted." Anderson, 477 U.S. 242, 249-50.

III. Discussion

It is well-established that courts have an independent obligation to ensure that standing exists. Bender v. Williamsport Area School Dist., 475 U.S. 534, 541 (1986). Article III grants federal courts judicial power to decide only cases and controversies. Allen v. Wright, 468 U.S. 737 (1984). The constitutionally minimum requirements for standing are (1) the plaintiff must have suffered, or must face an imminent and not merely hypothetical prospect of suffering, an invasion of a legally protected interest resulting in a "concrete and particularized" injury; (2) the injury must have been caused by the defendant's complained-of actions and (3) the plaintiff's injury or threat of injury must likely be redressible by a favorable court decision. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560–61 (1992).

With respect to standing in a class action, the Eleventh Circuit has stated the following:

> Any analysis of class certification must begin with the issue of standing. Only after the court determines the issues for which the named plaintiffs have standing should it address the question whether the named plaintiffs have representative capacity, as defined by Rule 23(a), to assert the rights of others. It is not enough that a named plaintiff can establish a case or controversy between himself and the defendant by virtue of having standing as to one of many claims he wishes to assert. Rather, each claim must be analyzed separately, and a claim cannot be asserted on behalf of a class unless at least one named plaintiff has suffered the injury that gives rise to that claim.

Prado-Steinman ex rel. Prado v. Bush, 221 F.3d 1266, 1280 (11th Cir. 2000) (internal citations and quotation marks omitted).

Furthermore, with respect to state statutory claims, "there must be a named plaintiff with constitutional standing to assert each particular claim." In re Checking Account Overdraft Litigation, 694 F. Supp. 2d 1302, 1324 (S.D. Fla. 2010) (dismissing state statutory claims where no named plaintiff resides in the state from which the claim is asserted). "Plaintiffs may only

4

assert a state statutory claim if a named plaintiff resides in that state." Id. at 1325.  Here, Plaintiff is a resident of Florida who had the allegedly defective spray foam installed in her Florida home and suffered injuries. (Compl. ¶¶ 6, 14-33.)  Plaintiff does not, therefore, have standing under other state consumer protection acts.

Plaintiff, however, argues that "class certification issues are dispositive and . . . it is appropriate to reach those before Article III standing concerns." (Resp. at 3.)  In making this argument, Plaintiff relies on Amchem Products v. Windsor, 521 U.S. 591 (1997), an asbestos class action case.  There, the defendants challenged the plaintiffs' Article III standing but the United States Supreme Court held that the class certification issues were "dispositive" and "logically antecedent" to the standing issues in the case. Id. at 612.  The Court does not read Amchem as requiring Article III standing issues to be delayed in all cases until after class certification.  Indeed, numerous courts have distinguished Amchem as being limited to the context of global settlements and/or addressing the standing of absent class members, and not named plaintiffs.  See Easter v. Am. West Fin., 381 F.3d 948, 962 (9th Cir. 2004);  In re Packaged Ice Antitrust Litigation, 779 F. Supp. 2d 642, 655 (E.D. Mich. 2011); In re Wellbutrin XL Antitrust Litigation, 260 F.R.D. 143, 154 (E.D. Pa. 2009);  see also Zaycer v. Sturm Foods, Inc., 896 F. Supp. 2d 399, 406-07 (D. Md. 2012) (standing challenge resolved before class certification in class action brought under various state's consumer protection laws).

Thus, the Court does not agree with Plaintiff that she has standing to bring claims pursuant to other state's statutes.  That stated, the Court finds that Plaintiff, and the Florida subclass, do have standing to pursue claims under the FDUTPA.

For the foregoing reasons, Defendant's partial motion for summary judgment is granted

in part and denied in part. [2]

### IV.  Conclusion

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendant Demilec (USA) LLC's ("Defendant") Motion for Partial Judgment for Lack of Standing (DE 55) is **GRANTED IN PART AND DENIED IN PART.**

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 9th day of December, 2013.

                                                KENNETH A. MARRA
                                                United States District Judge

---

[2] The Court will not address Defendant's contention that Plaintiff cannot remedy her failure through the amendment of the pleadings.  Until Plaintiff moves for amendment, the issue is not before the Court.